1  McGREGOR W. SCOTT
   United States Attorney
2  SHELLEY D. WEGER
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,            | CASE NO.  2:19-CR-228 WBS
   |                                      |
12 |                         Plaintiff,   | STIPULATION AND JOINT REQUEST FOR
   |                                      | PROTECTIVE ORDER; PROTECTIVE ORDER
   |           v.                         |
13 |                                      |
   | ANDREW KEFFER,                       |
14 |                                      |
   |                         Defendant.   |
15

16                    **I.      STIPULATION**

17        1.      Plaintiff United States of America, by and through its counsel of record, and defendant

18 Andrew Keffer, by and through his counsel of record (collectively, the "parties"), for the reasons set

19 forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this

20 case restricting the use and dissemination of certain discovery, which consists of documents and emails

21 belonging to witnesses or third parties and, which in some instances contain personal identifying

22 information or other confidential information belonging to witnesses or third parties.

23        2.      On December 12, 2019, a federal grand jury returned an indictment against Andrew

24 Keffer charging him with Fraud in Connection with a Major Disaster or Emergency Benefits in violation

25 of 18 U.S.C. § 1040(a)(2).  The defendant is currently out of custody on pre-trial supervision.

26        3.      As part of its investigation into the above-captioned case and other FEMA fraud cases,

27 the United States is in possession of materials belonging to third parties that it seeks to produce to

28 counsel for defendant.  Specifically, the United States is in possession of materials relating to an

   [PROPOSED PROTECTIVE ORDER: 19-CR-00229]            1

1  application for FEMA disaster benefits filed in the name Kristy Tapp—an alleged associate of Keffer—

2  who was separately charged with a violation of 18 U.S.C. § 1040(a)(2). *See United States v. Kristy*

3  *Tapp*, case no. 19-cr-00227 TLN.  These materials generally consist of an application for disaster

4  benefits, FEMA records relating to the application and disaster benefits, emails exchanged between

5  Tapp and a third party who is a witness in this case, and bank records.  Although some of these materials

6  may exceed the government's discovery obligations, the government seeks to produce these documents

7  to counsel for defendant in the event that they may be material to the defendant's guilt or punishment,

8  and in order to promote a prompt and just resolution or trial of the case.

9          4.      The government intends to produce to the Defense Team, as defined below, materials

10  containing personal identifying information of  ("PII") and/or other documents and confidential

11  information of real persons, that may include, among other things, names, signatures, addresses, dates of

12  birth, Social Security numbers, bank account numbers, email addresses, and phone numbers.  These real

13  persons are witnesses or third parties to this case.

14          5.      The purpose of the proposed Protective Order is to prevent the unauthorized

15  dissemination, distribution, or use of materials containing the PII or other confidential information

16  belonging to third parties.  If this information is disclosed without protective measures, or to defendant

17  without limitation, it will risk the privacy and security of the people to whom the information relates.

18  Some of the information could itself be used to further criminal activity if improperly disclosed or used.

19          6.      Accordingly, the parties jointly request a Protective Order that will permit the United

20  States to produce discovery containing PII and other third-party information, while preserving both the

21  privacy of third parties and the security of PII and other confidential information.

22          7.      This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of

23  Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II.      PROPOSED PROTECTIVE ORDER

### A.      Protected Materials

26          8.      This Order pertains to all discovery materials provided or made available to defense

27  counsel that include the prefix "PROTECTED" in the Bates label (hereafter, collectively "Protected

28  Materials").

[PROPOSED PROTECTIVE ORDER: 19-CR-00229]

1    9.    For purposes of this Order, the term "Personally Identifying Information" ("PII")

2  includes any information within the definition of a "means of identification" under 18 U.S.C.

3  § 1028(d)(7), other than names, or any information within the definition of an "access device" under 18

4  U.S.C. § 1029(e)(1).

5    10.    To the extent that notes are made that memorialize, in whole or in part, the Protected

6  Materials, or to the extent that copies are made for authorized use by members of the Defense Team,

7  such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and

8  must be handled in accordance with the terms of the Protective Order.

9    **B.    Defense Team**

10    11.    For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel

11  of record.

12    12.    For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel

13  of record, (2) other attorneys at defense counsel's law firm or defense organization who may be

14  consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are

15  assisting Defense Counsel with this case, (4) retained experts or potential experts, and (5) paralegals,

16  legal assistants, and other support staff to defendant's counsel of record providing assistance on this

17  case.  The term "Defense Team" does not include defendant, the defendant's family, or other associates

18  of the defendant.

19    13.    Defense Counsel must provide a copy of this Order to all members of the Defense Team.

20    a)    Defense Counsel must obtain written acknowledgement from members of the

21    Defense Team that they are bound by the terms and conditions of this Protective Order, prior to

22    providing any Protected Materials to the members of the Defense Team.  The written

23    acknowledgement need not be disclosed or produced to the United States unless ordered by the

24    Court.

25    **C.    Disclosure of Protected Materials**

26    14.    The Defense Team shall not permit anyone other than the Defense Team to have

27  possession of the Protected Materials, including defendant himself.

28    15.    No person or party shall use any Protected Materials or information derived from the

[PROPOSED PROTECTIVE ORDER: 19-CR-00229]    3

1   Protected Materials produced in this action for any purpose other than use in the above-captioned case.

2   All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial,

3   trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no

4   other purposes whatsoever.

5         16.     The Protected Materials may be disclosed only to the categories of persons and under the

6   conditions described in this Order.

7         17.     Defendant may review Protected Materials in this case only in the presence of a member

8   of the Defense Team, and his Defense Counsel shall ensure that defendant is never left alone with any

9   Protected Materials.  Defendant may not copy, keep, maintain, or otherwise possess any of such

10   Protected Materials at any time.  Defendant must return any Protected Materials to the Defense Team at

11   the conclusion of any meeting at which defendant reviews the Protected Materials.  Defendant may not

12   take any Protected Materials out of the room in which he is meeting with the Defense Team.  Defendant

13   may not write down or memorialize any PII contained in the Protected Materials.  At the conclusion of

14   any meeting with defendant, the member of the Defense Team present shall take with him or her all

15   Protected Materials.  At no time, under any circumstances, will any Protected Materials be left in the

16   possession, custody, or control of the defendant.

17         18.     The Defense Team may review the Protected Materials with a witness or potential

18   witness in this case so long as a member of the Defense Team is present while Protected Materials are

19   being shown to the witness.  Before being shown any portion of the Protected Materials, any witness or

20   potential witness must be informed of the requirements of the Protective Order.  A witness or potential

21   witnesses may not copy, keep, maintain, or otherwise possess the Protected Materials or any information

22   derived from the Protected Materials at any time outside the presence of the Defense Team.

23         19.     This Order does not limit employees of the United States Attorney's Office for the

24   Eastern District of California from disclosing the Protected Materials, to employees of the United States

25   Department of Justice, including any United States' Attorney's Office, any other federal agency, law

26   enforcement agencies, the Court, and defense.

27         20.     Defense Counsel shall advise the United States with reasonable notice of any subpoenas,

28   document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is

[PROPOSED PROTECTIVE ORDER: 19-CR-00229]                    4

1   considering disseminating any of the Protected Materials to a third party, in order that the United States

2   may take action to resist or comply with such demands as it may deem appropriate.

3       **D.**      **Ensuring Security of Protected Materials**

4       21.      The Defense Team shall maintain the Protected Materials safely and securely, and shall

5   exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing

6   the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where

7   visitors are not left unescorted.

8       22.      A copy of the Protective Order must be stored with the Protected Materials, in paper form

9   and electronically.

10       23.      To the extent that Protected Materials, or any copies or reproductions thereof, are stored

11   electronically, the Protected Materials will be stored on a password-protected or encrypted storage

12   medium, including a password-protected computer, or device.  Encryption keys must be stored securely

13   and not written on the storage media that they unlock.

14       24.      If a member of the Defense Team makes, or causes to be made, any further copies of any

15   of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped

16   or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-

17   SUBJECT TO PROTECTIVE ORDER."  For example, if Defense Counsel makes a copy of a disc or

18   physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked

19   with the above notation.

20       **E.**      **Filings**

21       25.      In the event that a party needs to file Protected Materials containing PII, or materials

22   otherwise identified as containing confidential information of victims, witnesses, or third parties with

23   the Court, or disclose PII in court filings, the filing should be made under seal or with all PII and

24   confidential third-party information redacted.  The party seeking to file such information shall make all

25   reasonable attempts to avoid the divulging of PII or confidential materials.

26       **F.**      **Conclusion of Prosecution**

27       26.      The provisions of this Order shall not terminate at the conclusion of this prosecution.  All

28   Protected Material subject to the Protective Order maintained in the Defense Team's files shall remain

1    subject to the Protective Order unless and until such Order is modified by the Court.

2         27.      Upon the latter of final disposition of the case, including exhaustion of direct and

3    collateral appellate proceedings, or the expiration of Defense Counsel's document retention

4    requirements, Defense Counsel shall return the Protected Materials to the government, or certify in

5    writing that the Protected Materials have been destroyed.  If any Protected Materials are used as defense

6    exhibits, they shall be maintained with government exhibits so long as those are required to be

7    maintained.

8         **G.      Termination or Substitution of Counsel**

9         28.      In the event that there is a substitution of counsel prior to final disposition of the case,

10   new counsel of record must join this Protective Order before any Protected Materials may be transferred

11   from the undersigned defense counsel to the new defense counsel.  New defense counsel then will

12   become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian

13   of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction

14   proceedings, for complying with the provisions set forth in Paragraph 27 above.  All members of the

15   Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are

16   not relieved by termination of representation or conclusion of the prosecution.

17        **H.      Modification of Order**

18        29.      Nothing in this Order shall prevent any party from seeking modification to the Order or

19   from objecting to discovery it otherwise believes to be improper.  Nothing in this Order shall prevent

20   any party from seeking a more restrictive protective order with regard to particular discovery items.

21        **I.      Notice That Violation of Order Could Result In Sanctions**

22        30.      Any person who willfully violates this Order may be held in contempt of court and may

23   be subject to monetary of other sanctions as deemed appropriate by the Court.  This provision does not

24   expand or narrow the Court's contempt powers.

25   ///

26   ///

27   ///

28   ///

[PROPOSED PROTECTIVE ORDER: 19-CR-00229]          6

1 **J.      Application of Laws**

2      31.      Nothing in this Order shall be construed to affect or comment on the admissibility or

3 discoverability of the Protected Materials.

4      32.      Nothing in this Order shall be construed to affect the application of and the parties'

5 compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

6 IT IS SO STIPULATED

7

8  Dated:  February 1, 2021                           McGREGOR W. SCOTT
                                                      United States Attorney
9

10                                          By:  /s/ SHELLEY D. WEGER
                                                 SHELLEY D. WEGER
11                                               Assistant United States Attorney

12

13  Dated:  February 1, 2021                         /s/ TODD LERAS (with consent)
                                                      TODD LERAS
14                                                    Counsel for Defendant
                                                      Andrew Keffer
15

16
            IT IS SO FOUND AND ORDERED.
17

18 Dated:  February 2, 2021

19                                           _____
                                             CAROLYN K. DELANEY
20                                           UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

[PROPOSED PROTECTIVE ORDER: 19-CR-00229]                  7